UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:10-11327-GAO

JUDITH LYONS,
Plaintiff,

v.

CRESTVIEW CONDOMINIUM TRUST, by its Trustees JOHN DEMARINIS III,
MARK DEWALD, D. LAUREL HENRY, DOUGLAS MARINI, JOHN J.
PELLEGRINI and PAULA A. PLUTA,
Defendants.

OPINION AND ORDER
August 10, 2011

O'TOOLE, D.J.

Judith Lyons, appearing *pro se*, filed a complaint against the Crestview Condominium Trust alleging that it violated the Truth in Lending Act ("TILA") by failing to disclose particular information to her in connection with an assessment. She also alleges that the defendants violated the Federal Trade Commission Act ("FTCA") by engaging in unfair and deceptive practices. Lastly, the plaintiff alleges that the defendants breached a contract that the parties had by not acting in good faith. The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiff has failed to state a claim upon which relief can be granted.

**I.    Factual Background**[1]

In October 1987, the plaintiff purchased a unit in the Crestview Condominium in Holliston, Massachusetts. The defendant trust is the organization of unit owners for the

---

[1] In this opinion, the facts are viewed in the light most favorable to the plaintiff. See Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).

Crestview Condominium. The complaint alleges that in 2003, the defendants claimed to have borrowed $1,750,000.00 from TD Bank North to make some renovations to the condominium. However, a subsequent handout provided by the defendants stated that only $1,089,442.00 was borrowed, and when the plaintiff questioned this discrepancy, the defendants refused to explain it. Regardless, the loan resulted in an assessment against the plaintiff's unit in the total sum of $14,850.50 (amounting to a monthly payment of $162.68) that the plaintiff refused to pay.

In 2006, the defendants claimed to have borrowed $400,000.00 from TD Bank North to make some more renovations. However, a subsequent handout provided by the defendants stated that, in fact, $205,067.00 was borrowed, and when the plaintiff questioned this discrepancy, the defendants again refused to explain it. This loan resulted in an assessment of $3,394.40 against the plaintiff's unit (or a monthly payment of $49.50) that the plaintiff also refused to pay.

The plaintiff repeatedly tried to gain access to the defendants' financial information concerning these loans to help her resolve the discrepancies, but the defendants never gave her the information. On December 6, 2009, the plaintiff sent the defendants a demand letter pursuant to TILA, but according to the plaintiff, the defendants did not adequately respond to it. The plaintiff decided to place the monthly payment amounts that she owed in an interest-bearing account while she tried to obtain the defendants' financial information. During this time, the plaintiff continued to make timely payments on her mortgage, monthly condo fee, and equity loan payments. Nevertheless, the defendants foreclosed on the plaintiff's unit for not paying the assessments.

## **II.**     **Standard of Review**

"The make-or-break standard [for a 12(b)(6) motion to dismiss] . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief."

2

Sepulveda-Villarini v. Dep't of Educ. of P. R., 628 F.3d 25, 29 (1st Cir. 2010) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.") (internal footnote and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sepulveda-Villarini, 628 F.3d at 29. "The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 29 (internal citations and quotations omitted).

## III. Discussion

First, the defendants assert that the plaintiff cannot be granted relief under TILA because the defendant trust is not a "creditor" within the meaning of the statute. In order to have violated TILA, a party must have been a creditor. See 15 U.S.C. § 1602. In relevant part,

> [t]he term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

Id. § 1602(f). The plaintiff has not pled facts that would establish that the defendant trust is a creditor within the meaning of the statute. The facts laid out in the complaint, even if viewed in the light most favorable to the plaintiff, do not demonstrate that the defendants extended her credit. In fact, the only credit that has been extended has come from TD Bank North. The assessment and monthly payments that the plaintiff and the other unit owners have to pay do not

arise from a loan that the defendant trust has given to the unit owners, but rather from the obligations that arise under the relevant condominium documents.

Furthermore, the plaintiff's claim is barred by TILA's one-year statute of limitations. See id. § 1640 (e)[2] ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ."). Here, the alleged violations occurred in 2003 and in 2006, and the suit was filed in 2010.

The defendants next assert that the plaintiff has no standing to sue for an alleged violation of section 5 of the FTCA. The breadth of case law that supports this assertion compels this Court to agree. See e.g., Am. Airlines v. Christensen, 967 F.2d 410, 414 (10th Cir. 1992); Duke v. H&R Block Bank, No. 10-cv-01927-REB-KLM, 2011 WL 1060656, at *6 (D. Colo. March 8, 2011); Fogel v. Metro. Life Ins. Co., 871 F. Supp. 571, 574 (E.D.N.Y. 1994); Action Ambulance Serv., Inc. v. Atlanticare Health Servs., Inc., 815 F. Supp. 33, 39 (D. Mass. 1993). Indeed, courts have consistently held that the FTCA does not permit a private cause of action that alleges violations of business practices proscribed in the statute; instead, remedial power is vested solely in the Federal Trade Commission. E.g., Am. Airlines, 967 F.2d at 414; Duke, 2011 WL 1060656, at *6; Fogel, 871 F. Supp. at 574; Action Ambulance Serv., Inc., 815 F. Supp. at 39.

Lastly, the plaintiff contends that the condominium master deed is a contract and that the defendant trust has breached it. This claim arises solely under state law, and jurisdiction in this case is limited to federal questions. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has

---

[2] This section discusses claims for money damages under the TILA, which is the issue here.

original jurisdiction." 28 U.S.C. §1367(c)(3). Having dismissed the two claims over which this Court has original jurisdiction (pursuant to 28 U.S.C. §1331), this Court declines to exercise supplemental jurisdiction over the breach of contract claim. It is dismissed without prejudice.

## **IV.** **Conclusion**

For the aforementioned reasons, the Defendants' Motion to Dismiss (dkt. no. 11) is GRANTED.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge